IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| 4C'S SPRAY EQUIPMENT RENTAL, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>ROOFTOP EQUIPMENT, INC.,<br><br>*Defendant* | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff 4C's Spray Equipment Rental, LLC ("4C's") or "Plaintiff", by and through its undersigned counsel, files this Complaint against Defendant Rooftop Equipment, Inc. ("Rooftop" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement, trademark infringement, unfair competition, and false advertising under the Patent Act (35 U.S.C. § 271 et seq.), the Lanham Act (15 U.S.C. §§ 1114, 1125(a)), and applicable state law.

## PARTIES

2. Plaintiff is a Pennsylvania limited liability company with its principal place of business at 367 York Rd., Carlisle, Pennsylvania 17013.

3. Defendant is a Pennsylvania limited liability company with its principal place of business at 3601 Clover Ln., New Castle, Pennsylvania 16105.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under federal patent law.

5. This Court has personal jurisdiction over Defendant because: (a) Defendant has significant business operations in this District; (b) Defendant has committed and continues to commit acts of infringement within this District; and (c) Defendant has purposefully availed itself of the laws and benefits of doing business in this forum.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant has transacted business here and has committed acts of infringement in this District.

## 4C'S PATENTS

7. Plaintiff 4C's is a leader in the design, development, and marketing of spray equipment for the commercial roofing industry. Its products are sold throughout the U.S. Plaintiff has also expended substantial sums in pursuing patents in the U.S. to protect its rights to its inventions.

8. 4C's is the lawful owner of all right, title, and interest in namely U.S. Patent No. 11,992,858 ("the '858 Patent") and U.S. Patent No. 11,559,820 ("the '820 Patent") (collectively "Patents"). Copies of each patent are attached hereto as Exhibits A and B, respectively. The Patents have been duly and legally issued to Defendant by the United States Patent and Trademark Office ("USPTO").

9. Rooftop has infringed 4C's Patents by knowingly selling its Premium V-Manifold Applicator, as advertised on its website

(htttps://rooftopequipment.com/product/premium-v-manifold-applicator/), which is designed and intended to be modified by third parties, including but not limited to Black Cat, Inc. d/b/a Panther East ("Black Cat"), to infringe the '858 Patent and the '820 Patent ("Asserted Product"). An exemplary photo of the Premium V-Manifold Applicator is found in Exhibit C. Upon information and belief, the Asserted Product, when modified by third parties such as Black Cat, operates using a dispensing head, connector lines, a mixing tip, and an air purge system, as evidenced by Rooftop's product descriptions, publicly available information from Rooftop's website, and technical schematics and diagrams of the Asserted Product as modified.

## THE '858 PATENT

10. The '858 Patent describes and claims an adhesive dispensing system and method for applying multi-component adhesives to construction surfaces, particularly in carpeting, roofing, and similar applications. The system incorporates a two-stage pressurization process, where adhesives are initially pressurized by a proportioning pump and then further aerated by injecting pressurized air before mixing and dispensing. This design enables the adhesives to be applied either as a low-pressure aerated spray or in a bead form, ensuring uniform coverage while minimizing overspray and contamination. The designs overcome limitations of conventional high-pressure spray systems, which require costly proportioning pumps and cause excessive overspray, and traditional bead adhesive systems, which fail to provide uniform coverage. By offering a cost-effective, controlled, and efficient dispensing method, the system meets the wind uplift resistance requirements in construction applications while reducing equipment maintenance and operational costs.

11. Independent claim 1 describes a method for dispensing adhesives, where a dispensing head with separate first and second fluid passages directs adhesive components to a mixing tip for combination before dispensing. Pressurized air is introduced upstream of the mixing tip to regulate the dispensing process, and the adhesive is applied until the components are fully exhausted from the system.

12. Independent claim 5 expands on this method by incorporating aeration of the adhesive, achieved by injecting pressurized air into one or both component fluid passages or directly into the mixing tip, ensuring enhanced mixing and controlled dispensing.

13. Independent claim 10 covers the entire adhesive dispensing process, from storage to application, including storing the first and second adhesive components in separate containers, flowing them through dedicated fluid passages, mixing them at the dispensing tip, and aerating the adhesive with controlled pressurized air flow. The process ensures that the adhesive is dispensed efficiently and evenly while allowing operators to regulate the air pressure for optimized performance.

## THE '820 PATENT

14. The '820 Patent describes an adhesive dispensing system and method designed to apply multi-component adhesives onto work surfaces, particularly in carpeting, roofing, and construction applications. The system enables adhesives to be applied in either low-pressure bead form or a low-pressure aerated spray, offering greater flexibility and efficiency. It features a two-stage pressurization process, where adhesives are first pressurized by a proportioning pump and then further aerated by injecting pressurized air before mixing and dispensing. This process enhances adhesive coverage and uniformity

while reducing overspray and contamination, which are common issues with traditional high-pressure spray systems.

15. Independent claim 1 describes a method for dispensing adhesives, providing first and second adhesive components, each in a respective fluid storage container, and the method further involving a dispensing head with separate first and second fluid passages, which direct adhesive components to a mixing tip where they are combined before dispensing. The process incorporates pressurized air upstream of the mixing tip outlet to control the dispensing process and improve adhesive application.

16. Independent claim 13 describes a method for dispensing adhesives, involving a dispensing head with separate first and second fluid passages, which direct adhesive components to a mixing tip where they are combined before dispensing. The process incorporates pressurized air upstream of the mixing tip outlet to control the dispensing process and improve adhesive application.

17. Independent claim 23 describes a method for dispensing two adhesive components, involving a dispensing head with separate first and second fluid passages, flowing the adhesive components through their respective fluid passage, aerating one or more of the components at or upstream of the respective head passage outlet, mixing the adhesive components at or downstream of the respective head passage outlet to form an adhesive, and dispensing the adhesive components at or downstream of the respective head passage outlet.   .

**ROOFTOP'S UNLAWFUL CONDUCT**

Patent Infringement and Unfair Competition

18. For years, 4C's has been at the forefront of innovation in adhesive dispensing technology, securing multiple patents, including the '858 Patent and the '820 Patent, which

cover advanced methods and systems for low-pressure aeration and controlled adhesive application. These patents provide 4C's with the exclusive right to develop and market specialized adhesive dispensing systems that ensure uniform application, reduced overspray, and efficient use of multi-component adhesives in construction and roofing applications. Rooftop, however, has knowingly engaged in unlawful conduct by selling its Premium V-Manifold Applicator, which it markets and distributes with the knowledge and intent that third parties, such as Black Cat, modify the Asserted Product to infringe 4C's patented innovations.

19. On January 18, 2022, 4C's notified Black Cat, a third-party modifier of Rooftop's products, that its modifications to adhesive dispensing systems, including those derived from Rooftop's Premium V-Manifold Applicator, infringed upon U.S. Patent No. 11,224,887. Upon information and belief, Rooftop was aware of Black Cat's infringing activities and continued to supply the Premium V-Manifold Applicator, enabling and inducing such infringement. In March 2023, after analyzing Black Cat's revised systems derived from Rooftop's Asserted Product, 4C's determined that these modified systems infringed the '820 Patent, which protects a method of aerating adhesive components upstream of the mixing tip to ensure optimal adhesive application.

20. By August 2024, Rooftop continued to sell the Premium V-Manifold Applicator despite 4C's issuance of a cease-and-desist letter to Black Cat regarding infringement of the newly issued '858 Patent by modified versions of Rooftop's Asserted Product. The '858 Patent protects a refined method of dispensing multi-component adhesives with aeration control, fluid separation, and low-pressure application, which third parties like Black Cat have unlawfully replicated using Rooftop's Premium V-Manifold

Applicator. Rooftop's continued sale and promotion of the Asserted Product, with knowledge of its use in infringing modifications, constitutes inducement of infringement under 35 U.S.C. § 271(b) and entitles 4C's to enhanced damages for Rooftop's willful misconduct.

21. As identified in the claim chart found in Exhibit D, the Premium V-Manifold Applicator, when modified by third parties such as Black Cat, includes all of the limitations of at least claims 1, 5, and 10 of the '858 Patent:

22. As identified in the claim chart found in Exhibit E, the Premium V-Manifold Applicator, when modified by third parties such as Black Cat, includes all of the limitations of at least claims 1, 13, and 23 of the '820 Patent.

## COUNT ONE – PATENT INFRINGEMENT OF U.S. PATENT NO. 11,992,858 (35 U.S.C. § 271)

23. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

24. Rooftop has indirectly infringed at least Claims 1, 5, and 10 of the '858 Patent under 35 U.S.C. § 271(b) by knowingly selling the Premium V-Manifold Applicator with the intent that it be modified by third parties, including Black Cat, to infringe the '858 Patent through the manufacture, sale, use, and distribution of the modified Asserted Product.

25. The Premium V-Manifold Applicator, when modified by third parties such as Black Cat, meets each limitation of the asserted claims, either literally or under the Doctrine of Equivalents, and Rooftop actively induces such infringement with knowledge of the '858 Patent.

26. Exhibit D includes claim charts demonstrating how the Premium V-Manifold Applicator as modified correspond to each and every claim element for independent claims 1, 5, and 10 of the '858 Patent

27. Rooftop's inducement of infringement of 4C's Patents has been, and continues to be, willful, deliberate, and intentional by continuing to sell the Premium V-Manifold Applicator after becoming aware of 4C's Patents and the infringing modifications by third parties, thus acting in reckless disregard of 4C's rights in the '858 Patent.

28. By reason of Rooftop's infringement, 4C's is suffering damages, including impairment of the value of 4C's Patents, in an amount yet to be determined.

29. Upon information and belief, unless enjoined, Rooftop's acts of infringement are causing irreparable harm to 4C's and will continue to cause irreparable harm to 4C's for which there is no adequate remedy at law.

### COUNT TWO – PATENT INFRINGEMENT OF U.S. PATENT NO. 11,559,820 (35 U.S.C. § 271)

30. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

31. Rooftop has indirectly infringed at least Claims 1, 13, and 23 of the '820 Patent under 35 U.S.C. § 271(b) by knowingly selling the Premium V-Manifold Applicator with the intent that it be modified by third parties, including Black Cat, to infringe the '820 Patent through the manufacture, sale, use, and distribution of the modified Asserted Product.

32. The Premium V-Manifold Applicator, when modified by third parties such as Black Cat, meets each limitation of the asserted claims, either literally or under the Doctrine

of Equivalents, and Rooftop actively induces such infringement with knowledge of the '820 Patent.

33. Exhibit E includes claim charts demonstrating how the Asserted Products correspond to each and every claim element for independent claims 1, 13, and 23 of the '820 Patent.

34. Rooftop's inducement of infringement of 4C's Patents has been, and continues to be, willful, deliberate, and intentional by continuing to sell the Premium V-Manifold Applicator after becoming aware of 4C's Patents and the infringing modifications by third parties, thus acting in reckless disregard of 4C's rights in the '820 Patent.

35. By reason of Rooftop's infringement, 4C's is suffering damages, including impairment of the value of 4C's Patents, in an amount yet to be determined.

36. Upon information and belief, unless enjoined, Rooftop's acts of infringement are causing irreparable harm to 4C's and will continue to cause irreparable harm to 4C's for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff respectfully requests a judgment in its favor and against Defendant with the following relief:

a. Declare that Defendant has infringed U.S. Patent Nos. 11,992,858 and 11,559,820;

b. Declare that the '858 and '820 Patents are valid and enforceable;

c. Enter a permanent injunction barring Defendant from further infringing activities;

d. Award damages, including treble damages for willful infringement under 35 U.S.C. § 284;

e. Award attorneys' fees and costs under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

f. Grant any additional relief as the Court deems just and proper.

Respectfully submitted,

BARLEY SNYDER LLP

Dated: April 8, 2025          By: */s/ Joshua L. Schwartz, Esquire*
Joshua L. Schwartz, Esquire
Court I.D. PA 308189
jschwartz@barley.com
Justin A. Tomevi, Esquire
Court I.D. PA 313661
jtomevi@barley.com
Joseph Falcon, Esquire
Court I.D. PA 94658
jfalcon@barley.com

126 East King Street
Lancaster, PA 17602
717-299-5201
Fax: 717-291-4660
Attorneys for Defendant